**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| DAMION MCINTOSH<br><br>Plaintiff,<br>v.<br><br>CASH NET USA<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 47 U.S.C. § 227 for pendent state law claims and the TCPA, which are predicated upon the same facts and circumstances that give rise to the federal causes of action. Injunctive relief is available pursuant to the TCPA.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Damion McIntosh (hereinafter "Plaintiff") is a natural person who resides in Lee's Summit, County of Jackson, State of Missouri.

**5.** Defendant Cash Net USA (hereinafter "Defendant CNU") is a Corporation operating from a corporate head office address of 200 West Jackson, Suite 2400, Chicago, IL 60606.

## FACTUAL ALLEGATIONS

6. Between May 2013 and November 2014, Defendant CNU repeatedly and willfully contacted Plaintiff on his cellular telephone at (954)232-2818.

### *Telephone Consumer Protection Act*

7. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C. § 153(32).

8. At all times relevant to this complaint, Defendant CNU has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

9. Defendant CNU at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA, 47 U.S.C. § 153(43).

10. Defendant CNU at all times relevant to the complaint herein engages in "interstate communications" as defined by the TCPA, 47 U.S.C. § 153(22).

11. At all times relevant to this complaint, Defendant CNU has used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

12. At all times relevant to this complaint, Defendant CNU has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200(f)(2).

***Illegal Auto-Dialed Collection Calls***

13. Within four years immediately preceding the filing of this lawsuit, Defendant CNU telephoned the Plaintiff's cellular phone at (954)232-2818 on numerous occasions.

14. In making these calls, Defendant CNU and its employees used an automatic telephone dialing system and utilized artificial voices and prerecorded messages.

***Cease and Desist Verbal and Written Demand Ignored***

15. Plaintiff has repeatedly demanded that Defendant CNU stop calling his cellular telephone number.

16. Despite being told to stop, Defendant CNU has continued to call using an automated telephone dialing system and utilized pre-recorded messages and artificial voices when leaving messages.

17. These calls were willful violations of the TCPA in that the calls continued despite the Plaintiff's repeated revocation of any consent Defendant CNU may have had.

18. Defendant CNU’s repeated autodialed calls to Plaintiff’s cellular phone, within the last four years prior to filing this complaint, were illegal communications in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

19. The Defendant’s actions as described herein left the Plaintiff feeling helpless and victimized, as he was unable to stop the persistent and intrusive telephoning by Defendant CNU.

20. Defendant CNU’s persistent autodialed calls eliminated the Plaintiff’s right to privacy.

21. Defendant CNU’s actions constituted unauthorized use of, and interference with the Plaintiff’s cellular phone service for which the Plaintiff paid money.

22. The acts and or omissions of Defendant CNU at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

23. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant CNU at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant CNU as follows:

### COUNT I.

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant CNU and for Plaintiff;
- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant CNU and for Plaintiff;
- for an injunction prohibiting Defendant CNU from contacting the Plaintiff on his cellular phone using an automated dialing system or utilizing prerecorded messages or artificial voices pursuant to the 47 U.S.C. Section 227(b)(3)(a).
- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 17, 2014

**Addleman Law Firm, LLC**

By: **s/Andrew M. Esselman**
Andrew M. Esselman #64837
Thomas A. Addleman #51864
Addleman Law Firm, LLC
255 NW Blue Parkway, Suite 200
Lee's Summit, MO 64063
Tele: (816) 994-6200
Fax: (816) 396-6240
AndrewE@AddlemanLawFirm.com
Tom@addlemanlawfirm.com

**Attorneys for Plaintiff**